# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID P. FOLEY,

                            Plaintiff,                    OPINION AND ORDER

        v.
                                                         17-cv-384-wmc

SERGEANT ZABBLE, et al.,

                            Defendants.

---

*Pro se* plaintiff David P. Foley, a prisoner at Fox Lake Correctional Institution ("Fox Lake"), is proceeding in this lawsuit against defendants, all Fox Lake employees, on First Amendment retaliation claims. Before the court is defendants' motion pursuant to 28 U.S.C. § 1406(a) to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #19.) Since venue in this district court is improper, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

## OPINION

Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants' motion focuses on whether Foley's lawsuit satisfies § 1391(b)(2). They point out that Foley alleges that all defendants were working at Fox Lake during the relevant time period, and that the events giving rise to Foley's claims against defendants took place at Fox Lake, and that institution is located in Fox Lake, Wisconsin. Fox Lake, Wisconsin is located in Dodge County, which is in the Eastern District of Wisconsin. 28 U.S.C. § 130(a). Defendants thus have proven that venue is not proper in this court by virtue of § 1391(b)(2).

Yet defendants have not addressed whether any of the defendants reside within this district, so venue may be proper under § 1391(b)(1). To be fair, since Foley has neither opposed the motion nor sought leave to provide more specific allegations related to where each defendant resides, there is reason to believe that venue may be improper under § 1391(b)(1). Nonetheless, as the moving party, defendants have the burden to demonstrate venue is improper. Therefore, the court will require defendants to supplement their motion with evidence related to their residencies. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) (in resolving a motion to dismiss for improper venue, the court may consider allegations in the complaint and information submitted in affidavits).[1] If the court receives nothing from defendants by **March 18, 2020,** the court will deny the motion.

---

[1] This evidence can come in the form of individual declarations attesting to each defendant's residency, or defendants may submit a declaration from a DOC employee with knowledge of residency based on employment records.

2

ORDER

IT IS ORDERED that Defendants Zabble, Paul, Lyyski, Mastericola and Lingle have until **March 18, 2020**, to supplement their motion to dismiss or transfer with evidence related to their residencies within Wisconsin.

Entered this 4th day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge