IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID P. FOLEY,

        Plaintiff,

v.

SERGEANT ZABBLE, et al.,

        Defendants.

OPINION AND ORDER

17-cv-384-wmc

---

*Pro se* plaintiff David P. Foley, a prisoner at Fox Lake Correctional Institution ("Fox Lake"), is proceeding in this lawsuit against defendants, all Fox Lake employees, on First Amendment retaliation claims. Before the court is defendants' motion pursuant to 28 U.S.C. § 1406(a) to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #19.) The court previously found that defendants established that venue is not proper under 28 U.S.C. § 1391(b)(2). However, since defendants' motion did not address whether venue could have been proper under § 1391(b)(1), the court gave defendants the opportunity to supplement their motion with evidence of each defendant's residencies within Wisconsin. (Dkt. #23.) Having received defendants' supplemental evidence, the court now confirms that venue in this district is improper and will transfer this case to the Eastern District of Wisconsin.

OPINION

Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In considering the residencies of "natural persons, the courts consider the district of residence at the time the action is commenced, and not when the claim arose." 14D Wright & Miller, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3805 (Aug. 2019 update).

Defendants Lingle, Lyyski and Mastricole each submitted declarations attesting that he or she did not reside in any county that lies within the Western District of Wisconsin at the time Foley filed his complaint. (Lingle Decl. (dkt. #27) ¶ 4; Lyyski Decl. (dkt. #28) ¶ 5; Masticola Decl. (dkt. #29) ¶ 5.) Additionally, Fox Lake employee Julie Dahm submitted a declaration attesting that defendants Jason Zabel and Scott Paul did not reside in any Western District of Wisconsin county at the time Foley filed his complaint, nor do they currently reside in this district. (Dahm Decl. (dkt. #30) ¶¶ 4-5.)

Foley does not dispute defendants' residencies at the time he filed his complaint, and instead opposes their motion because he believes this district is the more convenient forum. However, Foley's argument relates to a motion to transfer for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Defendants are moving to dismiss or transfer under § 1406, on the ground that venue is *improper*; if they establish that venue is not proper in this district court, the court does not consider the convenience of the parties, and instead is bound to either dismiss the lawsuit or transfer it to the district in which the

lawsuit could have been filed. *See* 28 U.S.C. § 1406(a). Based on defendants' representations about their residencies, the court now concludes that venue is not proper in this district, and finds that transferring this case to the Eastern District of Wisconsin will serve the interests of justice. Accordingly, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendants Zabble, Paul, Lyyski, Mastericola and Lingle's motion to dismiss or transfer (dkt. #19) is GRANTED.

2. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 6th day of April, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge